# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| TRACIE M. TRUTH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:10-1165 |
| | ) | |
| ERIC ESKIOGLU, M.D., | ) | JUDGE TRAUGER |
| | ) | MAGISTRATE JUDGE GRIFFIN |
|     Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

Plaintiff and defendant, pursuant to Local Rule 16.01, submit the following initial case management order based on the case management conference on April 4, 2011.

### I.    JURISDICTION

The Court has subject matter jurisdiction in this action pursuant to 42 U.S.C. § 1332 (diversity of citizenship). Personal jurisdiction is not contested.

### II.    SERVICE OF PROCESS/STATUS OF RESPONSIVE PLEADINGS

Defendant has been served with process and has answered the complaint. By previous order of the Court, plaintiff is required to file a certificate of good faith in compliance with Tenn. Code Ann. § 29-26-122 on or before April, 1, 2011.

### III.    BRIEF THEORIES OF THE PARTIES

#### A.    PLAINTIFF:

Dr. Eskioglu overstated his experience to convince Ms. Truth to allow him to perform surgery on her. As part of the surgery, Dr. Eskioglu attempted to place screws in the pedicles of Ms. Truth's spine. Dr. Eskioglu claimed he confirmed "excellent" placement of the pedicle screws by x-ray. Though he was required to determine whether he had properly placed

the pedicle screws under the recognized acceptable standard of professional practice, Dr. Eskioglu chose to ignore this obligation.

When Ms. Truth complained of increased back pain following surgery, additional imaging of her lumbar spine was obtained. These images revealed Dr. Eskioglu had failed to properly place two (2) of the pedicle screws. One of the screws was driven through the pedicle and into the disc material located above the intended level of surgery. Dr. Eskioglu withheld this important information from Ms. Truth, causing her to suffer through intractable pain for several years because she was without knowledge of the true source of her lumbar pain.

B. **DEFENDANT:**

Dr. Eskioglu denies that he violated the recognized standard of acceptable professional practice in his care and treatment of plaintiff. Dr. Eskioglu also denies that he made any misrepresentations to plaintiff or improperly withheld any information from her.

IV. **ISSUES IN DISPUTE**

All issues except jurisdiction and venue are presently in dispute.

V. **INITIAL DISCLOSURES**

Initial disclosures shall be exchanged on or before April 15, 2011.

VI. **DISCOVERY**

1. All fact discovery shall be completed by October 15, 2011. All written discovery must be served in time for responses to be in hand by this date.

2. On or before November 15, 2011, plaintiff shall declare the identities of her expert witnesses and provide all the information required under the Local Rules and the Federal Rules of Civil Procedure.

3. On or before January 4, 2012, defendant shall declare the identities of his expert witnesses and provide all the information required under the Local Rules and the Federal Rules of Civil Procedure.

4. All expert depositions shall be completed by March 1, 2012.

Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow forty (40) interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

## VII. ELECTRONIC DISCOVERY

The parties have reached agreements as to how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

## VIII. DISPOSITIVE MOTIONS

The deadline for filing dispositive motions is April 01, 2012. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the Court.

## IX. JOINT MEDIATION REPORT

The parties shall submit a joint mediation report on January 6, 2012.

## X. ESTIMATED TRIAL TIME

The parties estimate that this jury trial will take approximately five (5) days.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
United States District Judge


APPROVED FOR ENTRY:

/s/ W. Scott Sims
W. Scott Sims (#17563)
WALKER, TIPPS & MALONE PLC
2300 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219
(615) 313-6000

*Attorneys for Defendant*


*/s/* Barry E. Weathers
Barry E. Weathers (020322)
Law Office of Barry E. Weathers, P.C.
3017 Poston Avenue
Nashville, TN 37203
(615) 256-2568

*Attorneys for Plaintiff*